UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DANIEL WEBBER, #258286,**

    Petitioner,

                                             Civil No: 2:06-CV-13878
                                             Honorable Gerald E. Rosen
                                             Magistrate R. Steven Whalen

v.

**WARDEN BIRKETT**,

    Respondent.
_____

### OPINION & ORDER SUMMARILY DISMISSING
### PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE

**I. Introduction**

This matter is before the Court on Petitioner's, Daniel Webber's, *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner, a state prisoner confined at Standish Maximum Correctional Facility, in Standish, Michigan, is challenging his April 3, 2001 conviction and sentence for unlawful use of a motor vehicle, breaking and entering with the intent to commit larceny and second degree home invasion. Petitioner has not only failed to exhaust his state court remedies, but the limitations period has expired for him to exercise the opportunity to exhaust said remedies. Accordingly, the Court finds that Petitioner's habeas petition is dismissed with prejudice.

**II. Procedural Facts**

Although Petitioner timely exercised his appeal of right, on Petitioner's form application for writ of habeas corpus, he checked the "no" box under the query regarding whether he sought review by a higher state court (i.e., the Michigan Supreme Court). Petitioner also checked the

"no" box under the query whether he filed a motion for relief from judgment pursuant to MCR 6.500 with respect to his conviction and sentence. Petitioner checked the "no" box under the query of whether he previously filed any petition, application or motion with respect to the judgment at issue. Petitioner checked the "no" box under the query of whether he appealed to the highest court having jurisdiction on any petition, application or motion relative to this action. Petitioner has attached a copy of the per curiam opinion from the Michigan Court of Appeals which was entered on October 8, 2002, but that is the extent of his post-conviction review. *People v. Webber,* 2002 WL 31266138 Mich. Ct. App. No. 233928 (per curiam) (October 8, 2002). The habeas petition challenges the sufficiency of the evidence admitted at trial which led to his conviction.

### III.  Discussion

There are two principal issues in this case, which prevent it from moving forward. As to the challenge relative to the sufficiency of evidence at trial, Petitioner failed to exhaust his state court remedies prior to seeking federal habeas review. To the extent that the Petitioner challenges his April 3, 2001 conviction and sentence, his challenge is time barred.

#### A.  Sufficiency of Evidence Challenge

##### 1.  Failure to Exhaust

Petitioner challenges the sufficiency of evidence at his trial which led to his conviction. He failed, however, to make the first attempt to assert this claim as he filed no direct appeal or collateral attack regarding this issue. Although, Petitioner filed an appeal of right, he did not raise the sufficiency of evidence issue in his appellate pleadings. Petitioner also did not file any appeals or other request for post-conviction relief after his conviction was affirmed by the Michigan Court of Appeals. A federal court may not grant habeas corpus relief unless the

petitioner has exhausted all available state remedies or demonstrated their inadequacies. *28 U.S.C. § 2254(b)*; *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir.2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."); see also *Hannah v. Conley*, 49 F.3d 1193 (6th Cir.1995). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See 28 U.S.C. § 2254(d).* Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is premised on the principle of comity. "[T]he state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844. The Supreme Court further opined: "This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem [liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation." *Id.* "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § *2254(c)*; *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir.1979) (holding that the exhaustion requirement applies to remedies still open to the habeas applicant at the time of the filing of the

petition). The burden is on the petitioner to

demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

In the present case, relative to Petitioner's challenge regarding the sufficiency of the evidence admitted at trial, at no time has he presented this particular claim to the courts of Michigan for review. Therefore, since the Michigan Court of Appeals nor the Michigan Supreme Court have had an opportunity to review Petitioner's habeas claims, this Court cannot proceed relative to the adjudication of Petitioner's case.

### 2. Limitations Period

Because the habeas petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir.2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*28 U.S.C. § 2244(d)(1) and (2).*

In the present case, Petitioner was sentenced on April 3, 2001. An opinion relative to his direct appeal to the Michigan Court of Appeals was entered on October 8, 2002. He did not file an application for leave to appeal to the Michigan Supreme Court. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." *28 U.S.C. § 2244(d)(1)(A)*. In this case, the Petitioner's conviction became final on December 3, 2002, 56 days after the Michigan Court Appeals' opinion was rendered. *MCR 7.302(C)(2)*. Thus, Petitioner had until December 3, 2003, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling, collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir.2001). Petitioner did not file any time-tolling, collateral attacks of his state court conviction. His application here was filed on August 31, 2006, almost 3 years after the statute of limitations expired, and is therefore time-barred.

Petitioner's admitted basis for failing to exhaust his state court remedies is that he was not knowledgeable about how to proceed with an appeal nor with a habeas corpus case. Since Petitioner did in fact file a timely appeal of right, the Court does not find Petitioner's argument credible. Nonetheless, despite Petitioner's position, case law provides that ignorance of the law does not constitute good cause of failing to exhaust state court remedies. *Ramdeo v. Phillips*, 2006 WL 297462 (E.D.N.Y. February 8, 2006).

Moreover, the Sixth Circuit has recognized that ignorance of the law does not excuse prompt filing. See *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Though lack of actual notice and lack of constructive knowledge of the statute of limitations are factors to be considered by a court when it determines the appropriateness of equitably tolling a statute, Petitioner does not make such allegations to support his basis for filing untimely, only that he knows nothing about the law. *(See Habeas Petition, pg. 4).*  Such an argument will not salvage Petitioner's claim in this matter.  "[I]gnorance of the law, even for an incarcerated pro se prisoner generally does not excuse [late] filing." See *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir.1999).

### III.  Conclusion

For the reasons stated, this Court concludes that Petitioner has not fully exhausted his state court remedies and Petitioner's habeas claim is time-barred.  Accordingly, the habeas petition is **DISMISSED WITH PREJUDICE**.

IT IS HEREBY ORDERED that the "Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus" **[Doc. #1-1, filed, August 31, 2006]** is **DISMISSED WITH  PREJUDICE.**

IT IS FURTHER ORDERED that the Petitioner's "Application for Prisoner to Proceed Without Prepayment of Fees and Costs"  **[Doc. #1-2, filed August 31, 2006]** is **DENIED** as moot.

IT IS FURTHER ORDERED that the Petitioner's "Application for Appointment of Counsel"  **[Doc. #1-3, filed August 31, 2006]** is **DENIED** as moot.


           s/Gerald E. Rosen
           United States District Judge

Dated: September 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

           s/LaShawn R. Saulsberry
           Case Manager